UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**FIREMAN'S FUND INSURANCE COMPANY,**

        Plaintiff,

v.                                            Case No:   6:14-cv-661-Orl-31KRS

**THE GOLDFIELD CORPORATION and THE HARTFORD ACCIDENT & INDEMNITY COMPANY,**

        Defendants.

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** DEFENDANT GOLDFIELD'S MOTION TO DISMISS (Doc. No. 16)[1]
>
> **FILED:** June 6, 2014

### I. PROCEDURAL HISTORY.

Plaintiff Fireman's Fund Insurance Company ("Fireman's Fund") filed a second amended complaint against Defendants The Hartford Accident & Indemnity Company ("Hartford") and The Goldfield Corporation ("Goldfield"). Doc. No. 14. Fireman's Fund seeks a declaratory judgment that it has no duty to defend or indemnify Goldfield with respect to a claim made by the

---

[1] Goldfield asks, in the alternative, that this Court transfer the case to the United States District Court for the Eastern District of Washington. I will address that part of this motion, if necessary, in a separate Report and Recommendation following resolution of a pending motion to dismiss for lack of personal jurisdiction filed by Goldfield. *See* Doc. No. 21.

Environmental Protection Agency ("EPA") relating to a contaminated former mine site in Stevens County, Washington (the "Sierra Zinc Site") formerly owned by Goldfield or its predecessor, Goldfield Consolidated Mines Company. In the second amended complaint, Fireman's Fund does not seek any relief as to Hartford.

Goldfield filed a motion to dismiss the second amended complaint for lack of subject-matter jurisdiction, arguing that the declaratory judgment action is not an actual case or controversy. Doc. No. 16. Fireman's Fund filed a response to the motion. Doc. No. 31. Hartford and Cross-Plaintiffs First State Insurance Company and Twin City Fire Insurance Company adopted Fireman's Fund's response to the motion. Doc. No. 32.

The motion has been referred to the undersigned for issuance of a Report and Recommendation.

## II.    ALLEGATIONS AND EVIDENCE.[2]

From approximately 1948 to 1960, Goldfield Consolidated Mines Company owned or operated a mine and mill site referred to as the Sierra Zinc Site in Washington State. Doc. No. 14 ¶ 10. Goldfield Consolidated Mines Company sold the Sierra Zinc Site in about 1960, and neither it nor Goldfield has conducted operations there since that time. *Id.*

Between 1977 and 1983, Fireman's Fund issued Blanket Excess Liability Policies ("Fireman's Fund Umbrella Policies") to Goldfield. Between 1985 and 1988, Fireman's Fund also issued three policies providing comprehensive commercial general liability insurance coverage to Goldfield ("Fireman's Fund Primary Policies"). *Id.* ¶ 11.

---

[2] The Court may consider matters outside the pleadings when resolving a factual attack on the existence of subject-matter jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)).

Between 1977 and 1983, Hartford issued a series of primary liability policies to Goldfield ("Hartford Primary Policies"). Between 1982 and 1985, and 1990 and 1991, Hartford issued Umbrella Liability Policies to Goldfield ("Hartford Umbrella Policies"). *Id.* ¶ 12.

In 2001 or 2002, the EPA identified the Sierra Zinc Site as having the potential to impair water quality in the Columbia River in Washington State, but it initially determined that no action was required. *Id.* ¶ 13. On January 29, 2014, the EPA notified Goldfield that it was conducting new sampling at the Sierra Zinc Site and that it anticipated that it would select a removal action for the Site that would be documented by an Action Memorandum. The EPA further indicated that potentially responsible parties would be required to carry out the selection action or reimburse the costs incurred by the EPA if they were unable or unwilling to carry it out themselves. The EPA indicated that it believed that Goldfield might be a potentially responsible party. Accordingly, the EPA offered Goldfield the opportunity to negotiate an Administrative Settlement Agreement and Order on Consent ("ASAOC") under which Goldfield would agree to evaluate alternative removal actions and reimburse the EPA's response costs. Doc. No. 14-1. The parties refer to this as the "EPA Action."

On April 30, 2014, Goldfield entered into an ASAOC, a copy of which is attached to the second amended complaint. Doc. No. 14-2. The ASAOC required Goldfield to perform a removal action alternative analysis and to pay certain response costs incurred by the EPA in connection with the Sierra Zinc Site. Goldfield has requested that Fireman's Fund defend it in the EPA Action. Doc. No. 14 ¶ 15. Although Fireman's Fund is currently defending Goldfield in the EPA Action under a reservation of rights, it submits that it does not have a duty to defend Goldfield in that Action. *Id.* ¶¶ 16, 17. Goldfield has also requested that Fireman's Fund indemnify it for its

obligations under the ASAOC, including the payment of the EPA's response costs. *Id.* ¶ 18. Fireman's Fund contends that it does not have a duty to indemnify Goldfield. *Id.* ¶ 19.

In its response to the motion, Fireman's Fund alleges that, on May 8, 2014, Goldfield filed a separate action against it and Hartford in the United States District Court of the Eastern District of Washington seeking a declaration that each of the insurance companies must provide coverage for the EPA Action. Doc. No. 31 at 2. In that case, Fireman's Fund filed a motion to dismiss or transfer the Eastern District of Washington case to this Court, which motion was pending at the time of the writing of this Report and Recommendation. *See Goldfield Corp. v. Hartford Accident & Indem. Co.*, No. 2:14-cv-134-TOR, Doc. No. 15 (E.D. Wash. June 18, 2014).

### III. ANALYSIS.

The United States Constitution limits the exercise of judicial power to cases and controversies. A justiciable controversy must be "definite and concrete, touching the legal relations of parties having adverse legal interests. It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937) (citations omitted). A party who invokes a federal court's authority must show, "at an 'irreducible minimum,' that at the time the complaint was filed, he has suffered some actual or threatened injury resulting from the defendant's conduct, that the injury fairly can be traced to the challenged action, and that the injury is likely to be redressed by favorable court disposition." *Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995) (quoting *U.S. Fire Ins. Co. v. Caulkins Indiantown Citrus Co.*, 931 F.2d 744, 747 (11th Cir. 1991)).

In the motion to dismiss, Goldfield contends that case law in this circuit holds that there is not an actual case or controversy in a declaratory judgment action filed by an insurer against its

insured before the insurer denies coverage. Doc. No. 16 at 7-8. Fireman's Fund responds that Goldfield is relying on case law in which the *insured* filed suit before the insurer made a coverage decision. Doc. No. 31 at 6. It contends that case law in this circuit holds that there is a sufficient case or controversy when an insurer seeks a declaration of its obligations under an insurance policy before it makes a coverage decision. *See id.*

In *Hardware Mutual Casualty Co. v. Schantz*, 178 F.2d 779 (5th Cir. 1949), an insurance company filed a declaratory judgment action seeking a determination of whether an insurance policy it issued required it to defend and indemnify the estate of its insured in an ongoing wrongful death action pending in state court. The insurance company had refused to defend the estate of its insured in the underlying litigation. The United States Court of Appeals for the Fifth Circuit determined that an actual controversy existed, reasoning as follows:

> The Insurance Company, before incurring large expense in defending the State suit, or before admitting liability under the policy, wants to know whether it is bound under its contract to defend the same and whether or not it would be liable under the coverage of its policy in the event a judgment were rendered against the assured in the State Court, since an admission that it is liable to defend the suit might be deemed equivalent to an admission that the accident was within the coverage of the policy.

*Id.* at 780.[3] In subsequent cases, judges of this Court have found that subject-matter jurisdiction exists in declaratory judgment actions filed by insurance companies that are defending their insureds under a reservation of rights, albeit without expressly discussing whether an actual case or controversy existed. *See, e.g.*, *Mid-Continent Cas. Co. v. Siena Home Corp.*, No. 5:08-cv-385-Oc-

---

[3] Decisions of the former Fifth Circuit rendered before close of business on September 30, 1981, are binding in the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

10GJK, 2011 WL 2784200, at *1 & n.3 (M.D. Fla. July 8, 2011); *Mid-Continent Cas. Co. v. Frank Casserino Constr., Inc.*, 721 F. Supp. 2d 1209, 1212 & n.5 (M.D. Fla. 2010).

Goldfield contends that the decision in *Axis Surplus Insurance Co. v. Contravest Construction Co.*, 921 F. Supp. 2d 1338 (M.D. Fla. 2012), stands for the proposition that there is no justiciable case or controversy if the insurance company has not denied the claim made by the insureds. Doc. No. 16 at 7. However, the court in *Axis* was considering a motion to dismiss a third-party complaint brought by the insureds seeking a declaration that insurance companies were required to defend and indemnify them. *Axis Surplus Ins. Co.*, 921 F. Supp. 2d at 1341. In that case, the insurance companies were defending the insureds in underlying litigation under a reservation of rights. *Id.* at 1342. The court found that there was no justiciable controversy stated in the third-party complaint filed by the insureds because the insurance companies had not yet denied coverage. *Id.* at 1343-44.[4] However, the court did not dismiss the declaratory judgment complaint filed by the insurance company against its insureds for lack of a case or controversy. Rather, the court resolved that action on the merits, finding that the insurance company had a duty to defend the insureds.[5] *Id.* at 1349.

Goldfield also relies on *Allstate Insurance Co. v. Employers Liability Assurance Corp.*, 445 F.2d 1278 (5th Cir. 1971), for the proposition that "'no action for declaratory relief will lie to establish an insurer's liability in a policy clause contest . . . until a judgment has been rendered

---

[4] In *Philadelphia Indemnity Insurance Co. v. Hamic*, No. 8:12-cv-829-T-26EAJ, 2012 WL 3065379 (M.D. Fla. July 27, 2012), cited by Goldfield, the court also considered a motion to dismiss a third-party complaint filed by the insureds against the insurance company. The court found that the third-party complaint did not present a justiciable controversy on the question of duty to defend with respect to one third-party plaintiff who the insurance company was defending. *Id.* at *2.

[5] The Court denied the insurance company's request for a declaration that it had no duty to indemnify its insured without prejudice to reasserting that issue after the underlying suit was resolved. *Axis Surplus Ins. Co.*, 921 F. Supp. 2d at 1349.

against the insured since, until such judgment comes into being, the liabilities are contingent and may never materialize.'" Doc. No. 16 at 8 (quoting *Allstate Ins. Co.*, 445 F.2d at 1281). This language was dicta in *Allstate Insurance Co.* because a judgment had been rendered establishing the liability of the insured. 445 F.2d at 1281. Similarly, the decision in *Northland Casualty Co. v. HBE Corp.*, 160 F. Supp. 2d 1348 (M.D. Fla. 2001), does not support Goldfield's position because the court in that case did not determine that no case or controversy existed in a declaratory judgment action brought by an insurance company against its insured before final disposition of the underlying litigation.

The rationale of *Schantz* applies in this case. Before incurring further expense in defending Goldfield in the EPA Action or indemnifying Goldfield for its payment of EPA response costs, Fireman's Fund is entitled to know whether it is bound under its insurance policies to defend or indemnify Goldfield. I recommend that the Court find under these facts that an actual case or controversy exists.

**IV.  RECOMMENDATION.**

For the reasons stated above, I **RESPECTFULLY RECOMMEND** that the Court **DENY** Defendant Goldfield's Motion to Dismiss (Doc. No. 16) and **DEFER** ruling on Defendant Goldfield's alternative motion to change venue pending resolution of the outstanding motion to dismiss for lack of personal jurisdiction (Doc. No. 21).

Failure to file written objections to the proposed findings and recommendations contained

in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 29, 2014.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy